**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.**

MELODY OU,

Plaintiffs,

vs.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

Defendant.

---

**COMPLAINT**

---

COMES NOW the Plaintiff, Melody Ou, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

**PARTIES**

1. Plaintiff, Melody Ou, is a natural person and citizen of the State of Colorado, with a current address of 4200 West 17th Avenue, Unit 613, Denver, Colorado 80204. Plaintiff seeks relief individually and as a member of, and on behalf of, other Plan members.

2. Defendant, Hartford Life and Accident Insurance Company ("Hartford"), is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the advertisement, sale, processing and adjustment of long-term disability insurance claims. The Defendant's registered agent for service of process is the C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant Hartford insured and/or was otherwise responsible for the administration of the employee benefit plan which provides long-term disability insurance benefits to employees of Ball Corporation ("Ball"), hereinafter "the Plan." The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.* ("ERISA"), pursuant to written representations by Defendant including on August 25, 2026. Upon information and belief, the Plan has delegated to Defendant Hartford its obligation to make all benefit decisions at issue in this claim, including regarding eligibility for long-term disability insurance benefits. Upon further information and belief, Defendant Hartford also insures the Plan.

4. At all pertinent times, Plaintiff was an active and full-time employee of Ball and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5. Thus, and at all pertinent times, and by virtue of said employment and status, Plaintiff was covered by the provisions of the Plan, including eligibility for long-term disability insurance benefits subject to the terms and conditions of the Plan.

## JURISDICTION AND VENUE

6. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including their rights under ERISA and the subject ERISA Plan/policy.

7. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

**STATEMENT OF THE FACTS**

8. At all pertinent times, Plaintiff was employed by Ball as a Project Engineer II, and was an active, full-time employee. She therefore satisfied all eligibility requirements for, and was a "participant" in the Plan (and/or "beneficiary" of the Plan) within the meaning of ERISA, as set forth above.

9. Beginning in or around 2024, Plaintiff was disabled from her position at Ball due to multiple health issues requiring ongoing treatment and care from various physicians and/or other healthcare providers, including but not limited to an anxiety disorder, major depressive disorder, and post-traumatic stress disorder (PTSD).

10. At this time, these medical conditions prohibit Plaintiff from continuing to perform the requirements of her job on a regular and consistent basis, as well as from any other job for which she is reasonably qualified.

11. As the aforementioned conditions prevented her from working on a full-time and regular basis, and from performing the other material requirements of her own and/or other comparable occupation, Plaintiff applied to Defendant for short-term ("STD") and long-term ("STD") disability benefits.

12. Defendant denied the claim for STD disability benefits on or about April 29, 2024.

13. Plaintiff timely submitted her appeal to the denial as required by the Plan document and requested a review of her claim. Plaintiff provided additional medical documentation and other information in support of her claim. Plaintiff filed her appeal on or before the Plan's 180-day deadline.

14. Defendant reversed their denial, and the STD benefits were paid in full.

15. Defendant concluded that Plaintiff's medical conditions prohibited her from working in her own occupation.

16. Subsequently, Plaintiff applied for LTD benefits.

17. The claim was approved and benefits were paid through May 23, 2026, pursuant to Defendant's termination letter of May 28, 2026.

18. Plaintiff timely submitted her appeal to the denial on July 20, 2026, as required by the Plan document and requested a review of her claim. Plaintiff provided additional medical documentation and other information in support of her claim. Plaintiff filed her appeal on or before the Plan's 180-day deadline.

19. Defendant issued the final denial of the LTD claim on August 25, 2026.

20. According to Defendant, there are no additional appeals permitted by the Plan.

21. Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents her from engaging in her own or any other occupation. This includes, without limitation, her inability to work forty (40) hours per week.

22. Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff as outlined herein.

23. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

**CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**
**PLAINTIFF V. DEFENDANT**

24. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for disability benefits, as set forth above.

25. At all pertinent times, Defendant was the sponsor, administrator, and/or claim administrator for the Plan, within the meaning of ERISA.

26. At all pertinent times, Plaintiff met the criteria for benefits under the Plan because she was unable to perform the functions of her own and/or any other reasonable occupation and provided reasonable documentation (medical or otherwise) of that fact.

27. Upon information and belief, Defendant Hartford also funds the Plan.

28. Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

29. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

30. Defendant's wrongful conduct includes, but is not limited to:

A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or medical providers;

B. Failing to provide an adequate review and appeal;

C. Failing to act in Plaintiff's best interests;

D. Failing to consider credible medical evidence and/or other evidence of functional impairment;

E. Failing to reasonably interpret and apply the terms of the Plan;

F. Failing to reconcile its own prior determinations with the decision to terminate benefits; and

G. Failing to conduct a reasonable investigation.

31. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost disability and/or other benefits, attorney's fees and costs.

**DAMAGES**

32. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of disability and/or other benefits under the Plan. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

A. A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

B. An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or return them to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct;

C. Retroactive reinstatement of Plaintiff's disability benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claims for future disability benefits, and/or reinstating all other benefits provided by the Plan;

D. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. 1132(g)(1); and

F. Such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 10th day of September, 2026.

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger, Esq.*______________
Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
(303) 292-0044
Facsimile: (303) 292-1466
*counsel@silvernbulger.com*

**Plaintiffs' address**:

4200 West 17th Avenue, Unit 613
Denver, Colorado 80204